PeaRsoN, O. J.
 

 The defendants offered to show title, by a grant to them, dated 7 th January, 1854. His Honor rejected the evidence as irrelevant, being of opinion that title in the defendants would not defeat the action. This question is presented : A, claiming under a lease from* a stranger,, takes possession of land, and continues in possession, cultivating turpentine trees, which had been previously boxed; after the turpentine had run into the boxes, B, who is the owner of the land, enters and clips the turpentine out of the boxes, and.converts it to his own use, can A maintain trover against B* for the conversion of the turpentine ?.
 

 The question is settled by
 
 Brothers v.
 
 Hurdle, 10 Ire. Rep. 490;
 
 Branch
 
 v.
 
 Morrison,
 
 5 Jones’ Rep. 16.
 

 In the first it is decided, that where on©-, wlio had no-title, took possession of land, cultivated, a crop,, pulled and stacked the fodder, and gathered the- peas* and ¡out them into a crib on the premises, he might recover in trover for the fodder and peas against the true owner, who*, being put in possession under a recovery in ejectment,, converted the fodder and peas which were on the premises at the- time he regained the possession.
 

 The distinction is this: A tree, or other thing, when severed from the land, becomes a chattel. If the owner of the land be
 
 in possession,
 
 actually, or by construction, the chattel is instantly his property, and he may take it, or may presently bring trover against any one who converts it. But if the owner of the land be not
 
 in possession
 
 and his
 
 estate is divested
 
 by an adverse possession, then the chattel does not become his property, but is the property of the party in possession who severed it, and who may maintain trover for its con
 
 *18
 
 ■version against the true owner who had, at the time, a mere right, and not an estate in the land.
 

 In the second case it is decided, that turpentine, which has run into the boxes, is thereby severed from the laud and made a chattel, and that the party who was in possession and cultivated the trees, might maintain trover, notwithstanding the title was shown to be in the heirs of one Blount; adopting the conclusion and the reasoning of
 
 Brothers
 
 v. Hurdle, supra.
 

 As the case is now presented, the title of the heirs of Blount is not shown. So, it' is to be taken that the title is in the defendants by force of their grant; but the plaintiffs were in the adverse possession, wherebjr the estate of the defendants was divested and turned into a mere right; consequently, the turpentine, when severed from the land by being made to run into the boxes before the entry of the defendants, did not become their property, but was the' property of the plaintiffs, according to the principle above announced.
 

 This conclusion assumes that one, who cultivates turpentine frees, thereby acquires the possession in such a manner as to hold adversely, and divest the estate of the owner; the entering for the purposes of such cultivation, not being treated as several distinct trespasses, leaving the owner in possession, but as a continuing adverse possession, and an eviction of the owner. That such is the legal effect of the cultivation of turpentine, is fully settled. "With color of title, it would ripen by seven years continuance. It prevents the owner from being able to convey the estate which is thus divested. And the owner cannot maintain trespass, or any action, except ejectment, until he regains the possession and gets the benefit of the
 
 post
 
 liminii, which enables him to maintain trespass for the mesne profits; but does not enable him to maintain trover for a thing which had been severed from the land and become a chattel. There is no error.
 

 Per Curiam, Judgment affirmed.